## Hanczar v. Trellis

*Mark S. Frank,* for plaintiff.
*George M. Weis* and *Ralph A. Davies,* for defendants.

FRANKSTON, *Administrator,* April 28, 1980 —On December 31, 1979, defendant St. Francis General Hospital filed a motion for partial summary judgment pursuant to Pa.R.C.P. 1035. Thereafter, on January 9, 1980, plaintiff filed an answer and on January 21, 1980, we issued an order establishing a schedule for the submission of briefs and affidavits on the issues presented. On March 5, 1980, oral argument was held by means of a telephone conference call. All parties were then given an opportunity to submit supplemental affidavits and documents dealing with the factual issues raised therein.

This case involves the alleged negligent and grossly negligent confinement and treatment of plaintiff, Sonya Hanczar, at the psychiatric unit of

St. Francis General Hospital. The suit names as defendants the aforesaid defendant hospital and three doctors (with whom we are not concerned for the purposes of this motion).

The complaint, though much more explicit than as set forth here, basically accuses defendants of false imprisonment, failing to obtain informed consent for various aspects of treatment, administering medications without consent, unlawfully restraining plaintiff to her bed, failing to permit plaintiff to be treated by physicians of her choosing, failing to apprise themselves of plaintiff's past history and allergic conditions before embarking on a course or plan of treatment, and negligently treating plaintiff for the conditions from which she suffered. Plaintiff later amended her complaint to plead that all allegations of negligence were also the result of defendants' gross negligence.

Defendant-hospital's motion requests that the Administrator enter partial summary judgment in favor of said defendant on the basis that it is an entity entitled to the immunities provided in section 603 of the Mental Health and Mental Retardation Act of October 20, 1966, P.L. (Sp. Sess. no. 3) 96, sec. 603, 50 P.S. § 4603, and section 114 of the Mental Health Procedures Act of July 9, 1976, P.L. 817, as amended, sec. 114, 50 P.S. § 7114.

Initially, we note that at the time of the acts of which plaintiff complains, i.e., June 30, 1976 until July 29, 1976, the day of her discharge, the Mental Health Procedures Act, 50 P.S. § 7101 et seq., was not yet in force. Though signed into law on July 9, 1976, it did not become effective until 60 days thereafter: 50 P.S. § 7501. Accordingly, defendant-hospital is not entitled to the immunities as provided in section 114 of that act.

Though we consider St. Francis General Hospital to be a nonprofit health or welfare organization which was providing voluntary in-patient treatment to Sonya Hanczar pursuant to the Mental Health and Mental Retardation Act of 1966, 50 P.S. §4101 et seq., we decline to grant defendant-hospital's motion as to all of plaintiff's allegations. For the reasons stated in Saunders v. Latrobe Area Hospital, 14 D. & C. 3d 458 (1980), pertaining to the scope of the immunity provided by section 603, 50 P.S. §4603, we enter partial summary judgment in favor of St. Francis General Hospital and against plaintiff only with regard to the allegation of false imprisonment (paragraph 30(a) of plaintiff's complaint); this portion of plaintiff's cause of action shall proceed against defendant-hospital solely on the basis of whether or not the false imprisonment alleged therein was due to the gross negligence or incompetence of defendant-hospital. In all other respects, plaintiff's allegations concern the method and manner of treatment or care rendered to plaintiff, an area in which we believe section 603, 50 P.S. §4603, provides no immunity. Thus, partial summary judgment in all other respects is denied. We therefore enter the following

ORDER

And now, April 28, 1980, upon consideration of the foregoing memorandum opinion, it is hereby ordered and decreed that defendant St. Francis General Hospital's motion for partial summary judgment is granted in part and denied in part. The allegations contained in paragraph 30(a) of plaintiff's complaint shall proceed against said defend-

ant solely on the basis of whether or not that allegation constitutes gross negligence or incompetence. In all other respects said defendant's motion is denied. This order involves a controlling question of law as to which there is a substantial ground for difference of opinion and an immediate appeal from this order may materially advance the ultimate termination of this matter.